■ In the Matter of the Claim of FRED BALL, Respondent, v. NIAGARA MOHAWK POWER CORPORATION et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed March 23, 1972 and its amended decision of October 17, 1972, which affirmed the Referee's discharge of the Special Fund for Reopened Cases. Decision affirmed, with costs to Special Fund for Reopened Cases (see *Matter of Schwartz* v. *Your Baking Co.*, 20 A D 2d 422). Herlihy, P. J., Staley, Jr., Cooke, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of JOSE LOPEZ, Respondent, v. NEW YORK AUCTION SERVICE et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which discharged the respondent Special Fund for Reopened Cases from liability. Whether or not there has been the closing of a case for the purposes of section 25-a of the Workmen's Compensation Law is a determination of fact, and thus if the board's decision is supported by substantial evidence, it cannot be disturbed (*Matter of Scalesse* v. *Printing Adv. Corp., Enterprises Print. Division*, 30 N Y 2d 234). And as the Court of Appeals noted in *Scalesse* (p. 237) " the mere statement by a Referee that a case is 'closed' does not necessarily render it so within the meaning of section 25-a * * * unless it can be said that further proceedings were not contemplated." In the instant case, involving an injury to claimant's knee, we cannot say that the board could not properly find that the closing of the case on May 4, 1965 " until claimant may be present to be examined by the State Board " was not a " true closing ". Rather, it is clear from the record that further proceedings were definitely contemplated when claimant returned from Puerto Rico and could be examined by a member of the State Board to determine the schedule loss, if any. Decision affirmed, with costs to the Special Fund for Reopened Cases against the State Insurance Fund. Herlihy, P. J., Staley, Jr., Cooke, Main and Reynolds, JJ., concur.